# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-**_____ |
| | : | **DATE FILED:** _____ |
| v. | : | **VIOLATIONS:** |
| | | 18 U.S.C. § 152(3) |
| | | (Bankruptcy fraud - 7 counts) |
| **LYNN M. HANRAHAN** | : | Notice of Forfeiture |

## INDICTMENT

## COUNTS ONE THROUGH FIVE

### (Bankruptcy Fraud – 18 U.S.C. §152(3))

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

### Background

*Lynn Hanrahan "Doing Business As" HT Mechanical*

1. Defendant LYNN M. HANRAHAN was the owner and sole proprietor of H.T. Mechanical and resided in Harleysville, Pennsylvania.

2. H.T. Mechanical was a small business based in Harleysville, Pennsylvania, and was a contractor providing plumbing, heating, and air-conditioning services.

3. Defendant LYNN M. HANRAHAN did not incorporate H.T. Mechanical in Pennsylvania or in any other state. Instead, she represented that she was "doing business as" H.T. Mechanical.

4. H.T. Mechanical had no employees other than defendant LYNN M. HANRAHAN. In addition, H.T. Mechanical had no physical business location, no business supplies, and no evidence that it had paid taxes. All income received by H.T. Mechanical was received in a bank account held by defendant HANRAHAN.

5. On or about September 26, 2010, defendant LYNN M. HANRAHAN registered H.T. Mechanical with the United States General Services Administration ("GSA") Central Contractor Registration, which was later consolidated into System for Award Management ("SAM"). Registering with SAM is required for businesses that wish to do contract work for the federal government. SAM registration allows businesses to streamline federal sector onboarding and win federal contracts.

6. As of in or about 2012, defendant LYNN M. HANRAHAN, doing business as H.T. Mechanical, had been approved as a vendor to perform work for the United States government, specifically the United States Department of Veterans Affairs (the "VA").

7. From in or about January 2012 to in or about October 2017, through contracts and micropurchases paid on government purchase cards, defendant LYNN M. HANRAHAN, doing business as H.T. Mechanical, received approximately $1.6 million in government funds from the VA.

8. For efficiency on smaller projects, the VA allowed contractors to provide services or purchase supplies through a micropurchase. A micropurchase was an acquisition of supplies or services using simplified acquisition procedures, the aggregate total amount of which did not exceed the micropurchase threshold. At all times relevant in the indictment, the micropurchase threshold was $3,500 for supplies and $2,500 for services. Micropurchases allowed designated staff to efficiently award smaller projects without the competitive bidding and contracting process.

*Flow of Funds Through Hanrahan's Wells Fargo Bank Account*

9.      Prior to 2016, defendant LYNN M. HANRAHAN opened a Wells Fargo Gold Business Services Package bank account, which was titled in the name of "Lynn Marie Hanrahan DBA HT Mechanical" and addressed to her Harleysville, Pennsylvania residential address.

10.     Each month, the VA and the VA credit card processor for micropurchase work, would deposit payments for defendant LYNN M. HANRAHAN's services into defendant HANRAHAN's Wells Fargo bank account.

11.     It was defendant LYNN M. HANRAHAN's pattern and practice to withdraw almost all of the funds obtained by the VA, usually shortly after they were deposited, leaving only a small balance at the end of each month as follows:

| Month | Hanrahan Deposits | Hanrahan Withdrawals | End of Month Balance |
|---|---|---|---|
| January 2016 | $29,057.70 | $38,432.40 | $335.94 |
| February 2016 | $23,861.57 | $23,447.85 | $749.66 |
| March 2016 | $13,777.74 | $14,515.24 | $12.16 |
| April 2016 | $27,895.73 | $18,481.89 | $9,426.00 |
| May 2016 | $14,584.00 | $23,376.70 | $633.30 |
| June 2016 | $13,917.00 | $13,715.65 | $834.65 |
| July 2016 | $28,648.00 | $22,505.91 | $6,976.74 |
| August 2016 | $21,678.00 | $26,323.04 | $2,331.70 |
| September 2016 | $26,677.00 | $22,140.58 | $6,868.12 |
| October 2016 | $32,197.58 | $26,778.49 | $12,287.21 |
| November 2016 | $34,028.08 | $25,106.99 | $21,208.30 |
| December 2016 | $27,866.21 | $24,244.76 | $24,829.75 |
| January 2017 | $14,632.60 | $38,060.84 | $1,401.51 |
| February 2017 | $28,229.60 | $24,461.97 | $5,169.14 |
| March 2017 | $40,531.50 (does not include IRS refund of $44,008.63) | $85,851.92 | $3,857.35 |
| April 2017 | $23,830.20 | $13,793.84 | $13,893.71 |
| May 2017 | $38,118.90 | $48,065.73 | $3,946.88 |

12.     The majority of defendant LYNN M. HANRAHAN's withdrawals were made by writing checks to cash, with each check written for several thousand dollars. From in or about January 2016 through in or about May 2017, defendant HANRAHAN withdrew an average of almost $29,000 per month from her Wells Fargo bank account.

*The Purpose and Mechanics of Federal Bankruptcy Proceedings*

13. Bankruptcy is a process by which a debtor may obtain relief from the obligation to repay her creditors—those to whom she owes money. The bankruptcy process is designed to achieve an orderly transfer of a debtor's assets to creditors from available assets, and relies on a debtor's truthful and accurate disclosure of all assets and debts. Bankruptcy is intended to provide a "fresh start" to honest debtors by allowing them to obtain a discharge or release of debt incurred prior to filing bankruptcy. The process is conducted in federal court and is governed by Title 11, United States Code, Section 101, *et seq.* (the "Bankruptcy Code").

14. The Bankruptcy Code contains different chapters under which individuals or companies may file, each of which provides a different path toward the discharge of debt. An individual can initiate a bankruptcy case under chapter 7, 11, 12, or 13 of the Bankruptcy Code by filing a bankruptcy petition. The petition, which contains summary information about a debtor's financial situation, starts the bankruptcy process, but a debtor must complete and file other required documents in order to obtain a bankruptcy discharge.

15. A debtor who files a bankruptcy petition must also complete and file various schedules of assets and liabilities. These include Schedule A/B (Real and Personal Property), Schedule C (Property Claimed as Exempt), Schedule D (Creditors Holding Secured Claims), Schedule E/F (Creditors Holding Unsecured Priority and Non-Priority Claims), Schedule G (Executory Contracts and Unexpired Leases), Schedule H (Co-Debtors), Schedule I (Income), and Schedule J (Expenses) (collectively, the "Schedules"). The Schedules require detailed information about all of the debtor's assets, debts, income, and expenses, and are intended to be a snapshot of the debtor's complete financial situation as of the date of the bankruptcy case filing.

16. A debtor in bankruptcy must also complete a Statement of Financial Affairs. The Statement of Financial Affairs requires a debtor to disclose financial data, including, among

other things, all income from any source received within the two years preceding the commencement of the bankruptcy case, payments or transfers to any creditor made in the 90 days before the bankruptcy filing, and all other property transferred (other than in the ordinary course of business) either absolutely or as security within the one year immediately before the bankruptcy filing.

17. Depending on the chapter under which a debtor files, the debtor must also complete one or more of the forms requiring a calculation of current monthly income, a calculation of the commitment period for a bankruptcy plan, a calculation of monthly disposable income, and the "means test." These forms, which require a debtor to calculate monthly income as an average of income over the six months immediately before the bankruptcy filing, determine whether a debtor is required to propose a plan to repay some or all of her debts. If a debtor's income is low or irregular enough, the debtor can turn all non-exempt assets over to her bankruptcy trustee and obtain a discharge quite quickly. A debtor's honest reporting of past and anticipated future income is thus an integral and necessary requirement of the bankruptcy process.

18. The debtor must sign the petition, the declaration concerning the bankruptcy schedules, the statement of financial affairs, the means test, and disposable and current monthly income disclosures under the penalty of perjury, and certify that the information contained in them is true, accurate, and correct to the best of her knowledge, information, and belief.

The Scheme to Defraud

19. From in or about June 2016 to in or about June 2017, in the Eastern District of Pennsylvania and elsewhere, defendant

**LYNN M. HANRAHAN,**

having devised and intending to devise a scheme and artifice to defraud the Bankruptcy Court and others, and for the purposes of executing and concealing said scheme and artifice, twice filed petitions under Title 11, United States Code, initiating Bankruptcy Case Nos. 16-13746 and 17-13783, making false and fraudulent representations, claims, and promises, including omitting and concealing certain material facts, concerning and in relation to a proceeding under Title 11, United States Code, as more fully set forth below.

### Manner and Means

It was part of the scheme that:

20. Defendant LYNN M. HANRAHAN omitted from her bankruptcy filings material facts concerning her ownership of H.T. Mechanical and the income from the federal contracts and micropurchase work that she, operating as H.T. Mechanical, received from the VA.

21. By omitting H.T. Mechanical—and thus her—income, defendant LYNN M. HANRAHAN hid the fact that she had the ability to propose a plan to pay her creditors a much larger percentage of what she owed them. Instead, she sought to discharge all of her debts while concealing her true income.

22. Each time defendant LYNN M. HANRAHAN filed a bankruptcy case after she formed H.T. Mechanical in 2010, she omitted material facts about her ownership of H.T. Mechanical, its income from federal contracts and micropurchase work, and her control over and receipt of that income.

*Hanrahan's Multiple Bankruptcy Filings*

23. From in or about 2000 to in or about 2017, defendant LYNN M. HANRAHAN filed ten bankruptcy cases, all of which were dismissed without defendant HANRAHAN receiving a discharge. The first eight cases were as follows:

a. On or about July 18, 2000, defendant LYNN M. HANRAHAN filed a joint voluntary bankruptcy petition with an unindicted individual under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. This filing initiated case no. 00-19000, which remained pending until on or about August 23, 2000 when the Bankruptcy Court dismissed it as a result of defendant HANRAHAN's failure to file required documents.

b. On or about November 14, 2000, defendant LYNN M. HANRAHAN filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. This filing initiated case no. 00-34259, which remained pending until on or about May 22, 2001, when the Bankruptcy Court dismissed it on motion of defendant HANRAHAN's bankruptcy trustee.

c. On or about August 22, 2001, defendant LYNN M. HANRAHAN filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. This filing initiated case no. 01-31965, which remained pending until on or about September 19, 2001, when the Bankruptcy Court dismissed it as a result of defendant HANRAHAN's failure to file required documents.

d. On or about December 27, 2001, defendant LYNN M. HANRAHAN filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. This filing initiated case no. 01-37845, which remained pending until on or about February 20, 2002, when defendant HANRAHAN voluntarily dismissed it.

e. On or about June 27, 2012, defendant LYNN M. HANRAHAN filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code in the United States

Bankruptcy Court for the Eastern District of Pennsylvania. This filing initiated case no. 12-16090, which remained pending until on or about December 4, 2012, when the Bankruptcy Court dismissed it as a result of defendant HANRAHAN's failure to make required chapter 13 plan payments. At no time during the pendency of this bankruptcy case did defendant HANRAHAN report either her business, which she had just registered to conduct business with the federal government, or any income from it.

    f. On or about July 21, 2013, defendant LYNN M. HANRAHAN filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. This filing initiated case no. 13-16706, which remained pending until on or about September 9, 2013, when the Bankruptcy Court dismissed it as a result of defendant HANRAHAN's failure to file required documents. At no time during the pendency of this bankruptcy case did defendant HANRAHAN report either her business, which was now registered to conduct business with the federal government, or any income from it.

    g. On or about February 26, 2014, defendant LYNN M. HANRAHAN filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. This filing initiated case no. 14-11381, which remained pending until on or about June 19, 2014, when the Bankruptcy Court dismissed it as a result of defendant HANRAHAN's failure to make required chapter 13 plan payments. At no time during the pendency of this bankruptcy case did defendant HANRAHAN report either her business, which was now registered to conduct business with the federal government, or any income from it.

h. On or about January 27, 2016, defendant LYNN M. HANRAHAN filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. This filing initiated case no. 16-10509, which remained pending until on or about March 8, 2016, when the Bankruptcy Court dismissed it as a result of defendant HANRAHAN's failure to file required documents. At no time during the pendency of this bankruptcy case did defendant HANRAHAN report either her business, which was now registered to conduct business with the federal government, or any income from it.

24. Defendant LYNN M. HANRAHAN filed an additional two bankruptcy cases, one on May 25, 2016, and one on May 31, 2017. Both were dismissed without discharge, and the 2017 case was dismissed with an order prohibiting defendant HANRAHAN from filing any additional bankruptcy cases without first seeking leave of court by motion.

*H.T. Mechanical's Income from the VA*

25. From on or about January 1, 2016 to on or about December 31, 2016, defendant LYNN M. HANRAHAN, doing business as H.T. Mechanical, received approximately $285,753.57 in payments from the VA.

26. From on or about January 1, 2016 to on or about December 31, 2016, defendant LYNN M. HANRAHAN withdrew $279,069.50 from her Wells Fargo bank account, primarily by checks written to cash.

27. From on or about January 1, 2017 to on or about May 31, 2017, defendant LYNN M. HANRAHAN, doing business as H.T. Mechanical, received approximately $148,911.00 in payments from the VA.

28. From on or about January 1, 2017 to on or about May 31, 2017, defendant LYNN M. HANRAHAN withdrew $210,234.30 from her Wells Fargo bank account, a significant portion of which was withdrawn by checks written to cash.

29. On or about May 25, 2016 and June 22, 2016, defendant LYNN M. HANRAHAN filed false and fraudulent bankruptcy documents, including a bankruptcy petition, schedules of assets and liabilities, statement of financial affairs, bankruptcy declaration, and calculation of current monthly income in the United States Bankruptcy Court for the Eastern District of Pennsylvania, initiating case no. 16-13746.

30. On or about the below listed dates, in the Eastern District of Pennsylvania and elsewhere, defendant

**LYNN M. HANRAHAN,**

for the purpose of executing the scheme described above, and attempting to do so, knowingly and fraudulently made material false declarations, certificates, and verifications under the penalty of perjury as permitted under Title 28, United States Code, Section 1746, in and in relation to a case under Title 11, United States Code, by filing a petition, a statement of current monthly income, schedules of assets and liabilities, and a statement of financial affairs in which defendant HANRAHAN made false statements as follows:

| COUNT | DATE | CASE NUMBER | FALSE STATEMENT |
|---|---|---|---|
| 1 | May 25, 2016 | 16-13746-jkf | Petition, Part 1 Q. 4 [Page 2 of 10]: Any business names and EIN you have used in the last 8 years? Defendant HANRAHAN checked the box for "No." |
| 2 | May 25, 2016 | 16-13746-jkf | Petition, Part 3 Q. 12 [Page 4 of 10]: Are you a sole proprietor of any full or part time business? Defendant HANRAHAN checked the box for "No." |

| | | | |
|---|---|---|---|
| 3 | May 25, 2016 | 16-13746-jkf | Statement of Current Monthly Income, Part 1, Q. 2: "Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. . . . If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result." Defendant HANRAHAN answered that her monthly income was $4,750.85, with $250 of that amount coming from rent or operating a business. Defendant HANRAHAN'S actual average monthly income during this period was $23,676.00. |
| 4 | June 22, 2016 | 16-13746-jkf | Schedule A/B, Part 4, Q. 19 [Page 6 of 25]: Do you own or have any legal or equitable interest in non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture." Defendant HANRAHAN checked the box for "No." |
| 5 | June 22, 2016 | 16-13746-jkf | Statement of Financial Affairs, Part 2, Q. 4: Did you have any income from employment or from operating a business during this year or the two previous calendar years? Defendant HANRAHAN disclosed that she had an estimated $23,750 in total income from January 1, 2016 through June 22, 2016. Defendant HANRAHAN's actual total income during that period was $142,055.99. |

All in violation of Title 18, United States Code, Section 152(3).

## COUNTS SIX AND SEVEN

## (Bankruptcy Fraud – 18 U.S.C. §152(3))

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 29 of Counts One through Five are realleged and incorporated by reference here.

It was further part of the scheme that:

2. On or about May 31, 2017, defendant LYNN M. HANRAHAN completed and signed a false and fraudulent bankruptcy petition under the penalty of perjury.

3. On or about May 31, 2017, defendant LYNN M. HANRAHAN filed the false and fraudulent bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania, initiating case no. 17-13783.

4. On or about May 31, 2017 in the Eastern District of Pennsylvania and elsewhere, defendant

**LYNN M. HANRAHAN,**

for the purpose of executing the scheme described above, and attempting to do so, knowingly and fraudulently made material false declarations, certificates, and verifications under the penalty of perjury as permitted under Title 28, United States Code, Section 1746, in and in relation to a case under Title 11, United States Code, by filing a petition in which defendant HANRAHAN made false statements as follows:

| COUNT | DATE | CASE NUMBER | FALSE STATEMENT |
|---|---|---|---|
| 6 | May 31, 2017 | 17-13783-jkf | Petition, Part 1, Question 4, asks the debtor to list: "Any business names and EIN you have used in the last 8 years." Defendant HANRAHAN did not supply an answer. |
| 7 | May 31, 2017 | 17-13783-jkf | Petition, Part 3 of the bankruptcy petition requires a debtor to "Report About Any Business You Own." Question 12 asks the debtor: "Are you a sole proprietor of any full or part time business?" Defendant HANRAHAN checked the box for "No." |

All in violation of Title 18, United States Code, Section 152(3).

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 152(3), set forth in Counts One through Seven of this Indictment, defendant

**LYNN M. HANRAHAN**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such violations.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

- (a) cannot be located upon the exercise of due diligence;
- (b) has been transferred or sold to, or deposited with, a third party;
- (c) has been placed beyond the jurisdiction of the Court;
- (d) has been substantially diminished in value; or
- (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code Section 982.

A TRUE BILL:

███████████████

*Ronald Sarack for*
**JENNIFER ARBITTIER WILLIAMS**
**ACTING UNITED STATES ATTORNEY**

*No.*_____

---

### UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

---

### THE UNITED STATES OF AMERICA

vs.

### LYNN M. HANRAHAN

---

INDICTMENT

Count
**18 U.S.C. § 152(3) (Bankruptcy fraud - 7 counts)
Notice of Forfeiture**

---

███████████████████████████████

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____